UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIGH POINT PREFERRED INSURANCE COMPANY INDIVIDUALLY AND A/S/O DAVID GWALTHNEY & ROSEMARIE GWALTHNEY<br><br>Plaintiff,<br><br>v.<br><br>CHUNG CHENG FAUCET CO., LTD., YODDEX INTERNATIONAL, INC., LOWE'S, AND/OR JOHN DOES 1-10 AND/OR ABC COMPANY 1-10<br><br>Defendants. | CIVIL ACTION NO.: 1:23-cv-01334-KMW-MJS<br><br>**LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT, CROSS-CLAIMS, SEPARATE DEFENSES, DEMAND FOR INTERROGATORIES, DEMAND FOR PRODUCTION OF DOCUMENTS, AND CERTIFICATION** |

Defendant, Lowe's Home Centers, LLC (the "Answering Defendant" or "Lowe's"), by way of Answer to Plaintiffs' Complaint (hereinafter referred to as "Complaint"), states as follows:

**FIRST COUNT**

1.  The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.  The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.  The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.  The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint as they pertain to other Defendants, but admits that Lowe's is authorized to do business in the state of New Jersey.

5. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint as they pertain to other Defendants, but admits that Lowe's sells items that could be considered "supply lines" and/or "component parts."

6. Denied.

7. Denied.

8. Denied.

9. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

## SECOND COUNT

1. The Answering Defendant repeats, reiterates and realleges each and every statement made above.

2. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Second Count of the Complaint as they pertain to other Defendants. The Answering Defendant denies the allegations to the extent they are directed to Lowe's.

3. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Count of the Complaint.

4. Denied.

5. The Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Count of the Complaint.

6. Denied.

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

### THIRD COUNT

1. The Answering Defendant repeats, reiterates and realleges each and every statement made above.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

                                      **GOLDBERG SEGALLA LLP**
                                      *Attorneys for Defendant, Lowe's Home Centers, LLC*

                              By: _____
                                    Rosa D. Forrester, Esq.

Dated: March 15, 2023

35692209.v1

## REQUEST FOR ALLOCATION

If any defendant settles prior to verdict, the Answering Defendant shall seek an allocation of negligence and/or fault against any such settling defendant. The Answering Defendant will seek this allocation whether or not the Answering Defendant has formally filed a crossclaim against the settling defendant(s). The Answering Defendant shall rely upon all evidence, including the direct and cross-examination of Plaintiff and Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation and specifically reserves the right to call any and all such witnesses. All parties are being apprised of this pursuant to the position of the Court in Young v. Latta, 123 N.J. 584 (1991) and subsequent legal authority.

above-entitled action.

## CROSS-CLAIM FOR CONTRIBUTION

Answering Defendant demands contribution from all co-defendants, under the provisions of the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-1, et seq.

## CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

While Answering Defendant denies any negligence or legal duty in this case, in the event Answering Defendant are adjudged responsible, such liability would be solely vicarious, imputed, secondary, or technical, while the negligence of all co-defendants, would be the active and primary basis for plaintiff's alleged injuries or damages.

WHEREFORE, Answering Defendant demands judgment for common law indemnification against, all co-defendants, plus interest and costs of suit.

35692209.v1

## ANSWER TO CROSSCLAIMS/COUNTERCLAIMS

Answering Defendant hereby denies all allegations contained in any and all Crossclaims/Counterclaims filed against it by any and all Co-Defendants and/or Plaintiff. This includes any and all Co-Defendants and/or Plaintiff that may make claims subsequent to this Answer.

## JURY DEMAND

Please take notice that demand is hereby made for trial by jury of six (6) on all issues so triable.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

### SECOND SEPARATE DEFENSE

At the time and place mentioned in the Complaint, the Answering Defendant was not guilty of any negligence, whether by act of commission or omission, which was a proximate cause of the alleged accident, injuries, and damages of which Plaintiff complains. Plaintiff has not provided any proof of purchase.

### THIRD SEPARATE DEFENSE

Plaintiff's claims against the Answering Defendant are barred by Plaintiff's contributory negligence pursuant to N.J.S.A. 2A:15-5.1.

## FOURTH SEPARATE DEFENSE

The claims of Plaintiff set forth in the Complaint are barred, in whole or in part, by Plaintiff's comparative negligence pursuant to the statutes of the state of New Jersey.

## FIFTH SEPARATE DEFENSE

The injuries or damages complained of by Plaintiff were proximately caused by the actions, omissions, or negligence of third parties over whom the Answering Defendant had no direction, control, nor right of control.

## SIXTH SEPARATE DEFENSE

At the time and place mentioned in the Complaint, the Answering Defendant did not owe any duty to Plaintiff and/or violated no legal duty owing by the Answering Defendant to Plaintiff.

## SEVENTH SEPARATE DEFENSE

While denying the allegations of Plaintiff with respect to liability, injuries, and damages, to the extent that Plaintiff may be able to prove the same, such liability, injuries, and damages were the result of intervening and/or superseding acts on the part of parties over whom the Answering Defendant had neither direction, control, nor right of control.

## EIGHTH SEPARATE DEFENSE

Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident or conditions about which Plaintiff complains in the Complaint.

## NINTH SEPARATE DEFENSE

The incident, injuries, and damages complained of were proximately caused or contributed to by third persons not parties to this litigation. The liability of the Answering Defendant, if any, and the right of Plaintiff to recover in this litigation can only be determined by determining the percentages of liability of all parties to the incident, whether or not such entities or individuals are

parties to this litigation. Accordingly, the Answering Defendant seeks an adjudication of the percentage of fault of any other defendant, of Plaintiff, and of each and every other person or entity whose fault contributed to the alleged incident, injuries, and damages.

## TENTH SEPARATE DEFENSE

The Answering Defendant was not guilty of any negligence, wrongdoing, carelessness, or breach of duties as contended by Plaintiff.

## ELEVENTH SEPARATE DEFENSE

Discovery may show that Plaintiff's damages, if any, are limited, in whole or in part, by Plaintiff's failure to mitigate.

## TWELFTH SEPARATE DEFENSE

The Answering Defendant claims credit for all collateral sources from which Plaintiff has or shall receive benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injury and/or damages allegedly sustained were due to the sole negligence of any and all co-defendants over whom this defendant exercised no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

This defendant is not vicariously liable for the acts or omissions to act of any other party herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

The damages alleged by plaintiff were not proximately caused by the acts or omissions to act of this defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

35692209.v1

The Complaint does not describe the claim made against this defendant with sufficient particularity to enable it to determine what defenses may apply in response to plaintiff's claim. This defendant, therefore, reserves the right to assert all defenses which may be pertinent once the precise nature of the claim at issue is ascertained through discovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This defendant adopts, incorporates herein and asserts each and every defense asserted by any other defendant presently or hereinafter joined.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The product referred to in the Complaint was obtained by this defendant from a reputable manufacturer and any defect therein was latent and not ascertainable upon reasonable inspection.

### NINETEENTH AFFIRMATIVE DEFENSE

Any and all damages alleged by plaintiff were caused by misuse of the product, failure to use the product properly, alteration of the product, or negligent use of the product.

### TWENTIETH AFFIRMATIVE DEFENSE

The transaction referred to in the Complaint as to this defendant constitutes a service, not a sale, and is therefore not subject to any express or implied warranty in law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The product in question was not designed, fabricated, manufactured, assembled, distributed, sold, delivered and/or supplied in an unreasonable, dangerous or defective condition.

35692209.v1

**WHEREFORE**, the Answering Defendant demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice, together with an award of attorney's fees and costs of suit.

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
Rosa D. Forrester, Esq.

Dated: March 15, 2023

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Thomas Crino, Esq.. is hereby designated as trial counsel for the Answering Defendant in this matter.

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
Rosa D. Forrester, Esq.

Dated: March 15, 2023

## DEMAND FOR RESPONSES TO INTERROGATORIES

The Answering Defendant hereby demands that Plaintiff furnish responses to New Jersey Form A(2) Interrogatories and all co-defendants provide responses to New Jersey Form C(4) Interrogatories.

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant, Lowe's Home Centers, LLC*

By: _____
Rosa D. Forrester, Esq.

Dated: March 15, 2023

35692209.v1

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, the undersigned attorney for Defendant, Lowe's Home Centers, LLC ("Lowe's"), in accordance with R. 4:5-1, certify that to the best of my knowledge, the matter in controversy in the above-captioned action is not the subject of any other action pending in any court or any pending arbitration proceeding and that no such action or arbitration proceeding is contemplated by Lowe's.

I am not aware of any non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_/s/ Rosa D. Forrester_
Rosa D. Forrester, Esq.

Dated: March 15, 2023

35692209.v1