IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| HIGH POINT PREFERRED INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> CHUNG CHENG FAUCET CO., LTD., *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 1:23-cv-01334-KMW-MJS <br><br> **ORDER** |

**THIS MATTER** comes before the Court by way of the second Motion of High Point Preferred Insurance Co. ("Plaintiff") seeking the entry of default judgment against defendant Chung Cheng Faucet Co., Ltd. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2)[1]; and

**WHEREAS**, Plaintiff initiated this subrogation action on January 16, 2023, by filing its Complaint in the Superior Court of New Jersey, Law Division, Gloucester County (ECF No. 1-1); and

---

[1] Once the clerk enters default against a defendant under Rule 55(a), "it is within the discretion of the district court whether to grant a motion for a default judgment" subsequently made under Rule 55(b). *Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). "Before entering default judgment, the court must make a 'threshold determination' of whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties." *Pipeline Med., LLC v. Panajoti Consulting, LLC*, No. 22-2714, 2024 WL 3024879, at *2 (D.N.J. June 17, 2024) (citing *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015)). After that, the court must determine (1) whether process was properly served on the defendant; (2) whether the factual allegations establsih the elements of the causes of action asserted; and (3) whether default judgment is proper. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015). With respect to the last prong, the district court must make specific factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

**WHEREAS**, on March 9, 2023, Plaintiff's Complaint was removed to this Court pursuant to 28 U.S.C. § 1446(b)(3); and

**WHEREAS**, on September 22, 2023, the Clerk of Court entered default against Defendant, at Plaintiff's request, for failing to plead or otherwise respond to the Complaint (ECF Nos. 18–19); and

**WHEREAS**, on January 5, 2024, Plaintiff filed its first Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2); and

**WHEREAS**, on July 30, 2024, the Court denied Plaintiff's initial Motion for failing to submit a proper brief detailing why the entry of default judgment was appropriate (ECF No. 25); and

**WHEREAS**, on August 26, 2024, Plaintiff filed the instant Motion for Default Judgment, submitting with it a three-page brief and 189 pages of exhibits (ECF No. 26); and

**WHEREAS**, Plaintiff's Motion fails to, among other things:

(1) articulate a factual or legal basis for the exercise of personal jurisdiction over Defendant, a Taiwan-based company[2];

(2) demonstrate that Defendant has been properly served[3];

---

[2] Neither Plaintiff's Complaint nor its brief makes any mention of personal jurisdiction at all, much less explains whether and how there exists general or specific personal jurisdiction over Defendant. *See Vanguard Energy Partners LLC v. The Hanover Ins. Co.*, No. 18-13124, 2021 WL 767608, at *3 (D.N.J. Feb. 26, 2021) (denying motion for default judgment where basis for personal jurisdiction was not explained in either the complaint or brief).

[3] Because Taiwan is not a signatory to the Hague Convention or any other relevant international agreement, Plaintiff must demonstrate that Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(f)(2). *See Fineman v. Trek Bicycle Corp., Ltd.*, No. 23-2272, 2024 WL 2707011, at *1 (E.D. Pa. Mar. 11, 2024). Plaintiff states that Defendant "was served with the summons and complaint via email on April 26, 2023." (ECF No. 26-2 ¶ 9.) Attached to its Motion is a copy of that email from Plaintiff's counsel—which appears to have been sent to Defendant's general email address—asking its prospective recipient to "advise if you will accept service by way of email"; there was no response. (*Id.* at 28.) Plaintiff does not claim or otherwise argue that service was proper. As far as this Court can discern, it was not. *See, e.g., ISPEC, Inc. v. Tex R.L. Indus., Inc.*, No. 12-4339, 2014 WL 4162858, at *4 (D.N.J. Aug. 20, 2014) (discussing service of process on Taiwanese company); *see also* U.S. DEP'T OF STATE,

  (3) offer any legal analysis or argument demonstrating that specific, factual allegations contained in the Complaint establish the elements of the causes of action on which it seeks default judgment[4]; and

  (4) show that the entry of default judgment is otherwise proper[5];

**IT IS** this **21st** day of **March 2025** hereby

**ORDERED** as follows:

**A.** Plaintiff's second Motion for Default Judgment (ECF No. 26) is **DENIED**[6];

**B.** The Clerk of Court's prior entry of default against Defendant is **VACATED**;

**C.** Plaintiff shall properly serve Defendant within **60 days** from the entry of this Order;

---

*Taiwan Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html (last updated Nov. 15, 2013).

[4] In its Motion, Plaintiff first asserts that its allegations establish a case "in tort" against Defendant. (ECF No. 26 at 4.) It does not identify any particular cause of action or otherwise cite to legal authority to support the same. In addition to whatever common law claim Plaintiff purports to assert, it also submits that the allegations demonstrate violations of the New Jersey Products Liability Act ("NJPLA") based on "[1] defective manufacture, [2] defective design, and [3] defective warnings[,] as well as breaches of [4] express and [5] implied warranties of merchantability." (*Id.*) These are separate causes of action, each with its own elements. Yet, Plaintiff makes no effort to acknowledge or analyze any of them. Instead, it summarily states that "all elements of a tort are present." (ECF No. 26 at 4.) Moreover, the little analysis Plaintiff provides appears to rely on facts and exhibits that were neither alleged in nor attached to the Complaint. This is woefully insufficient to obtain default judgment. *See, e.g.*, *Ramos v. Dermotology Grp.*, No. 19-17404, 2021 WL 4260839, at *5 (D.N.J. Sept. 20, 2021) (denying motion for default judgment where plaintiff failed to "identify all applicable elements for each of the six asserted causes of action [and] identify the factual underpinnings, as alleged in the Complaint, supporting the asserted claims").

[5] *See, e.g.*, Order Denying Motion for Default Judgment, *Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health and Welfare Fund, et al., v. Oak HRC Statesman, LLC*, No. 19-13590 (D.N.J. July 7, 2020) (Bumb, J.), ECF No. 13 ("[T]he Court will not consider Plaintiff's motion absent an analysis of the Chamberlain factors.").

[6] Notwithstanding this Court's prior Order (ECF No. 25), Plaintiff still appears to be under the misapprehension that default judgment "must" be granted or that its entry is "required" by Rule 55. (ECF No. 26 at 2, 4.) Not so. *See Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Arata Expositions, Inc.*, No. 22-04056, 2023 WL 3821133, at *1 (D.N.J. June 5, 2023) ("Plaintiffs are entitled to default judgment neither as a matter of course nor as a matter of right."). Routinely, courts in this District deny the very type of haphazard motion submitted here. To the extent Plaintiff pursues default judgment again in the future, the Court strongly advises its counsel to incorporate the necessary standards, procedures, and practices for obtaining the same. *See, e.g.*, *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810 (D.N.J. 2021) (granting default judgment on properly briefed motion involving NJPLA claims against a foreign defendant).

**D.** To the extent Plaintiff wishes to submit an amended pleading, it must be filed and properly served on Defendant within this same 60-day period.[7]

*Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[7] Failure to serve Defendant within the time prescribed in this Order will, consistent with Federal Rule of Civil Procedure 4(m), result in the dismissal of Plaintiff's Complaint without prejudice.

4